IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JOSHUA BEXLEY,

                Plaintiff,                             Case No. 3:12-cv-389

   vs.

COMMISSIONER OF                        District Judge Thomas M. Rose
SOCIAL SECURITY,                   Magistrate Judge Michael J. Newman

                Defendant.

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S
NON-DISABILITY FINDING BE FOUND SUPPORTED BY SUBSTANTIAL
EVIDENCE, AND AFFIRMED; AND (2) THIS CASE BE CLOSED**

     This is a Social Security disability benefits appeal.  At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not disabled, and therefore unentitled to Supplemental Security Income ("SSI").  This case is before the Court upon Plaintiff's Statement of Errors (doc. 10), the Commissioner's Memorandum in Opposition (doc. 12), Plaintiff's Reply (doc. 13), the administrative record (doc. 7), and the record as a whole.[2]

**I.**

     Plaintiff filed an application for SSI on September 28, 2007, asserting a disability onset date of August 31, 2007.  PageID 315-17.  Plaintiff claims he is disabled due to multiple impairments including, *inter alia*, bilateral clubbed foot deformity and low back pain.  PageID 334, 391.  Following initial administrative denials of his application, Plaintiff received two

---

[1] Attached hereto is NOTICE to the parties regarding objections to this Report and Recommendation.

[2] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.  Additionally, Plaintiff's pertinent medical records have been adequately summarized in his Statement of Errors and the administrative decision, *see* doc. 10 at PageID 856-59; doc. 7-2 at PageID 101-08, and the Court will not repeat them here.  Where applicable, the Court will identify the medical evidence relevant to its decision.

hearings before ALJ Thomas McNichols -- on June 29, 2010 and December 20, 2010.  PageID

128-97.  On January 14, 2011, ALJ McNichols issued a written decision, finding Plaintiff not

disabled.  PageID 95-119.  Specifically, ALJ McNichols' Findings were as follows:

1.  The claimant has not engaged in substantial gainful activity since September 28, 2007, the application date (20 C.F.R. § 416.971 et seq.);

2.  The claimant has the following severe impairments: bilateral clubbed foot deformity; chronic low back pain; borderline intellectual functioning; and depression (20 C.F.R. § 416.920(c));

3.  The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 406.920(d), 416.925 and 416.926). After reviewing the medical evidence in its entirety and hearing the claimant testify, the medical expert concurred in such assessment;

4.  After careful consideration of the entire record, the [ALJ] finds that the claimant has the residual functional capacity [("RFC")][3] to perform light work as defined in 20 C.F.R. § 416.967(b) with the following additional limitations: the opportunity to alternate between sitting and standing as needed; no climbing ladders, ropes, scaffolds, or stairs; no balancing; no work on uneven surfaces; no repetitive use of foot controls; no lifting and carrying more than 10 pounds; no exposure to hazardous machinery or unprotected heights; simple one- or two-step tasks requiring little, if any, concentration; and no complex or detailed instructions;[4]

5.  The claimant has no past relevant work (20 C.F.R. § 416.965);

6.  The claimant was born [in] 1986 and is 20 years old, which is defined as a "younger individual age 18-49," on the date the application was filed (20 C.F.R. § 416.963);

7.  The claimant has a "limited" education and is able to communicate in English (20 C.F.R. § 416.964);

---

[3] A claimant's RFC is the most physical exertion a claimant can perform in the workplace despite his or her impairments and any related symptoms, such as pain.  20 C.F.R. § 416.945(a).  The assessment is based on all relevant evidence in the record and the claimant's ability to meet the physical, mental, sensory, and other requirements for work as described in 20 C.F.R. § 416.945(b), (c), and (d).

[4] The Social Security Administration classifies jobs as sedentary, light, medium, heavy, and very heavy depending on the physical exertion requirements.  20 C.F.R. § 416.967.  Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls."  *Id.* at § 416.967(b).

8.      Transferability of job skills is not an issue because the claimant does not have past relevant work (20 C.F.R. § 416.968);

9.      Considering his age, education, work experience, and [RFC], there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 C.F.R. §§ 416.969 and 416.969(a)); [and]

10.     The claimant has not been under a disability, as defined in the Social Security Act, since September 28, 2007, the date the application was filed (20 C.F.R. § 416.920(g)).

PageID 101-18 (brackets and footnotes added).

Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner.  PageID 58-62; *see Casey v. Sec'y of H.H.S.*, 987 F.2d 1230, 1233 (6th Cir. 1993).  Plaintiff then filed this timely appeal.  *See Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007).

## II.

### A.  Standard of Review

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria.  42 U.S.C. § 405(g); *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007).  In performing this review, the Court must consider the record as a whole.  *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found the claimant disabled.  *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001).  Thus, the ALJ has a "'zone of

choice' within which the Commissioner can act without the fear of court interference." *Id*. at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis – may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec*., 582 F.3d 647, 651 (6th Cir. 2009).  Thus, "a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

## B. "Disability" Defined

To qualify for disability benefits, a claimant must suffer from a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than 12 months.  42 U.S.C. § 1382c(a)(2). The impairment must render the claimant unable to engage in the work previously performed or in any other substantial gainful employment that exists in the national economy.  42 U.S.C. § 423(d)(2).

Administrative regulations require a five-step sequential evaluation for disability determinations.  20 C.F.R. § 416.920.  Although a dispositive finding at any step ends the ALJ's review, *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1.    Has the claimant engaged in substantial gainful activity?

2.    Does the claimant suffer from one or more severe impairments?

3.    Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the Listings), 20 C.F.R. Subpart P, Appendix 1?

4.      Considering the claimant's RFC, can he or she perform his or her past relevant work?

5.      Considering the claimant's age, education, past work experience, and RFC, can he or she perform other work available in the national economy?

20 C.F.R. § 416.920(a)(4); *Miller v. Comm'r of Soc. Sec.*, 181 F. Supp. 2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing that he or she is "disabled" under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997). During the first four steps of the five-step sequential analysis, the claimant has the burden of proof. 20 C.F.R. § 416.920. Should the claimant meet all requirements of the previous steps, at Step 5 the burden shifts to the Commissioner to establish that the claimant retains an RFC to perform other substantial gainful activity existing in the national economy. *Key*, 109 F.3d at 274.

## III.

Having carefully reviewed the 800-plus page administrative record and the parties' briefs, and also having carefully considered the ALJ's Findings, the Court finds that the ALJ carefully and reasonably reviewed the record; appropriately considered the medical evidence at issue (and applied the "good reasons" rule with respect to the medical opinions of Plaintiff's treaters); asked appropriate hypothetical questions of the Vocational Expert ("VE"); and -- acting in reasonable reliance upon the VE's responsive testimony -- satisfied the shifting burden and reasonably found, at Step 5, that Plaintiff is not disabled. The ALJ's analysis is supported by substantial evidence. Plaintiff, believing to the contrary, argues that the ALJ should have adopted the opinions of his treating physicians; afforded his subjective complaints of pain additional weight; and provided in the ALJ's RFC finding a limitation for Plaintiff to elevate his feet during the

work day. Doc. 10 at PageID 860-70. The Court disagrees, and finds the non-disability finding was well within the ALJ's reasonable "zone of choice." *Buxton*, 246 F.3d at 773.

### A. ALJ's Analysis of Plaintiff's Treating Physicians

In assessing the medical evidence supporting a claim for disability benefits, the ALJ must adhere to certain standards. In general, the opinions of treating physicians are entitled to controlling weight. *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 540 (6th Cir. 2007). Under the "treating physician rule," the ALJ is required to "generally give greater deference to the opinions of treating physicians than to the opinions of non-treating physicians." *Blakeley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009). Nevertheless, a treating physician's statement -- that a claimant is disabled -- is not determinative of the ultimate issue of disability. *Landsaw v. Sec'y of H.H.S.*, 803 F.2d 211, 213 (6th Cir. 1986). A treating physician's opinion is to be given controlling weight only if it is well-supported by medically acceptable clinical and laboratory techniques, is not inconsistent with the other evidence of record, and is supported by the factors listed in 20 C.F.R. § 416.927(d)(2). These factors include, *inter alia*, the length and frequency of examinations, the amount of evidence used to support an opinion, the specialization of the physician, and consistency with the record. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546 (6th Cir. 2004); 20 C.F.R. § 416.927(d)(2).

Plaintiff was seen by his family physician, Martin Schear, M.D., just five times over the course of six years. PageID 775. On May 25, 2010, Dr. Schear opined that Plaintiff could perform sedentary work, finding he could lift no more than ten pounds occasionally and could stand/walk one hour total in an eight-hour workday. PageID 761, 764, 771, 775. Additionally, Dr. Schear then completed an evaluation of Plaintiff's mental functioning. He observed that

Plaintiff showed no limitations in social functioning, concentration, persistence, or pace.  PageID 773-74.

Plaintiff began treatment with a podiatrist, Tanisha Richmond, D.P.M., in January 2009.  PageID 561.  After an initial consultation, Dr. Richmond noted extreme limitations in pushing/pulling, bending, handling, and repetitive foot movements.  PageID 562-63.  Dr. Richmond completed a second medical assessment form in May 2010.  PageID 735-39.  She opined that Plaintiff could lift up to five pounds and stand/walk two hours a day.  PageID 739.  Dr. Richmond concluded that Plaintiff could perform both sedentary and light work.  *Id*.

Plaintiff was evaluated by a pain management specialist, Laila Gomaa, M.D., in May 2010.  PageID 827.  Dr. Gomaa opined that Plaintiff was limited to carrying less than ten pounds; could not pull over ten pounds; could not perform repetitive neck, upper back, or lower back movements; could not twist greater than 30 degrees; could not bend greater than 45 degrees; and could not reach overhead.  PageID 809, 817, 829.  Additionally, the Plaintiff was to change positions as needed.  *Id.*

The record demonstrates that the ALJ reasonably analyzed each treating physician opinion under the factors set forth in 20 C.F.R. § 416.927(c).

**i. Dr. Schear**

The ALJ found "the conclusion of treating physician Dr. Schear cannot be given controlling, or even deferential weight.  His conclusions are neither well-supported by medically-acceptable clinical and laboratory diagnostic techniques nor consistent with the other substantial evidence in the case record."  PageID 109.  Additionally, the ALJ noted that Dr. Schear's opinion was "based on an assessment of impairments outside his area of expertise."  PageID 110.  The ALJ also found internal inconsistencies in the opinion; namely, that Dr. Schear did not cite

to the medical evidence on which he relied in his May 2010 opinion, and he did not provide any supporting explanation for his opinions.  PageID 760-64.  Given the ALJ's discussion of the required factors under 20 C.F.R. § 416.927(d), including the treater's specialization, treatment relationship with Plaintiff, and consistency with the record as a whole, the Court finds the ALJ articulated good reasons that were supported by substantial evidence for declining to adopt the disability findings of Dr. Schear.

### ii. Dr. Richmond

The ALJ likewise provided good reasons for discrediting Dr. Richmond's disability findings.  The ALJ found there was "no clinical evidence consistent with [Dr. Richmond's] opinion of disability," and therefore afforded it "no special weight."  PageID 110.  The ALJ further reasoned that Dr. Richmond is a podiatrist, and podiatrists are not included among the "acceptable sources of medical evidence defined in [20 C.F.R. § 416.913]."  *Id*.  Additionally, Dr. Richmond's opinion demonstrated inconsistencies, as she opined in her second opinion (in May 2010) that Plaintiff could perform light and sedentary work, after finding initially that Plaintiff was incapable of performing any work.  PageID 739; *see Ledford v. Astrue*, 311 F. App'x 746, 754 (6th Cir. 2008).  For these reasons, the ALJ found Dr. Richmond's opinions were not entitled to deferential weight.  PageID 110.  The Court finds the ALJ's analysis of Dr. Richmond's opinion complete and supported by substantial evidence.

### iii. Dr. Gomaa

Finally, the ALJ considered Dr. Gomaa's opinion, but gave it "little weight."  PageID 110.  The ALJ found that Dr. Gomaa's opinion was inconsistent with the evidence of record and clinical findings.  Namely, he noted that Dr. Gomaa offered very limiting workplace restrictions at the same time that Plaintiff's medical imaging revealed normal cervical and thoracic spines,

which was inconsistent with Dr. Gomaa's diagnosis.  *Id.*  Moreover, imaging of Plaintiff's lower spine from the same time period demonstrated only "some mild" lumbosacral arthropathy.  *Id.* The ALJ found that Dr. Gomaa's assessment of Plaintiff's capabilities was "not consistent with the great weight of the evidence" of record.  *Id.*  The ALJ gave adequate reasoning for discounting Dr. Gomaa's opinion, and this reasoning is consistent with the requirements of 20 C.F.R. § 416.927(d)(2) and supported by substantial evidence.

### B. ALJ's Analysis of Plaintiff's Pain and Credibility

As the Sixth Circuit has noted, "[c]redibility determinations with respect to subjective complaints of pain rest with the ALJ."  *Allen v. Comm'r of Soc. Sec.,* 561 F.3d 646, 652 (6th Cir. 2009) (quoting *Siterlet v. Sec'y of H.H.S.,* 823 F.2d 918, 920 (6th Cir. 1987)).  The Commissioner's regulations and Sixth Circuit precedent establish the standard the ALJ must follow when examining a claim of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

*Felisky v. Bowen,* 35 F.3d 1027, 1039-40 (6th Cir. 1994) (quoting *Duncan v. Sec'y of H.H.S.,* 801 F.2d 847, 853 (6th Cir. 1986)).

If the ALJ finds, as he did here, that there are medically determinable impairments, the ALJ must then evaluate the "intensity and persistence" of the alleged pain to determine how it limits the claimant's capacity for work.  20 C.F.R. § 416.929(c)(1).  The regulations provide seven factors that the ALJ must weigh:  (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of symptoms; (3) factors that precipitate and aggravate symptoms; (4) the type, dosage, effectiveness, and side effects of any medication taken to

alleviate the symptoms; (5) other treatment undertaken to relieve symptoms; (6) other measures taken to relieve symptoms, such as lying on one's back; and (7) any other factors bearing on the limitations of the claimant to perform basic functions.  *Id.* § 416.929(c)(3).

The ALJ reasonably considered the § 416.929 factors in making his credibility determination.  PageID 114-15.  First, the ALJ determined that "the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms." PageID 114.  Second, the ALJ found that Plaintiff's statements about the pain's intensity were not credible to the extent they are inconsistent with the her RFC assessment.  *Id.*  The ALJ evaluated Plaintiff's daily activities and credibility by pointing out the number of inconsistent statements and reports from Plaintiff throughout the record.  PageID 114-16.  *Accord Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997) ("Discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among the medical reports, claimant's testimony, and other evidence").  The ALJ noted, among other things, inconsistencies about how often Plaintiff wore a leg brace; his ability to do mathematical calculations; whether he was actually in special education classes; whether he ever attempted suicide; how often he socialized with friends and family; his ability to concentrate; and whether he was ever fired from a job. PageID 114-15.  Notably, the ALJ was concerned with "uncontroverted evidence that [Plaintiff] consciously attempted to portray intellectual limitations that [were] not actually present in order to increase the chance of obtaining benefits."  PageID 115.  The ALJ reasonably observed that "[b]oth examining consultative psychologists emphasized that [Plaintiff] had put forth poor effort with testing; he was exaggerating; and he was malingering; and as a result, the tests were invalid."  PageID 115; testing results at PageID 465-68, 539-47.   These inconsistencies led the ALJ to reasonably conclude that "[a]lthough the inconsistent information provided by [Plaintiff]

may not be the result of a conscious intention to mislead, the inconsistencies suggest that the information provided by [him] generally may not be entirely reliable." PageID 115.

Throughout his extensive discussion of Plaintiff's credibility, the ALJ also noted Plaintiff's treatment history, medications, aggravating factors, and demeanor and appearance at the administrative hearing. PageID 115-16. The ALJ determined "the claimant has not shown by substantial evidence that his usual activities or his ability to function in the performance of routine daily tasks is compromised to an extent inconsistent with a capacity for the reduced range of work at the light level of exertion." *Id.* Given the ALJ's analysis of the relevant factors and substantial evidence offered in his decision, the Court agrees.

**C. ALJ's RFC Finding**

At Step 5 of the disability determination process, the ALJ determined that -- despite the limitations caused by his impairments and considering his age, education, and work experience -- Plaintiff was capable of performing a significant number of jobs in the national economy and, therefore, was not disabled. PageID 117-18. To that end, the ALJ consulted Vocational Expert ("VE") to assist in determining the extent to which Plaintiff's limitations eroded the unskilled light occupational base. The ALJ relied on a hypothetical question to the VE that included the limitations identified in his RFC finding. PageID 108. The VE testified that there were 1,500 light exertional level jobs and 2,400 sedentary exertional level jobs in the regional economy that Plaintiff could perform given his RFC limitations. PageID 159-60.

Plaintiff's contention -- that the ALJ erred in not including an elevated foot limitation -- lacks merit. Plaintiff suggests there was substantial evidentiary support for a leg elevation limitation to be added to his RFC; however, the only purported evidence for such a limitation is Plaintiff's own testimony. PageID 115-16. As discussed above, the ALJ reasonably declined to

give credit to that testimony. Moreover, no treating or consulting source identified such a limitation in the record. Additionally, the ALJ relied on the testimony of the Medical Expert, Malcom Brahms, M.D., regarding this supposed limitation. Dr. Brahms spoke directly to this issue, and stated that elevation is "important in the healing period of the surgery for a period of four months perhaps, but I don't think it [would] be of any great benefit thereafter." PageID 151-52. At the time of the ALJ's decision, Plaintiff's surgery was 18 months behind him. PageID 114. As a result, the hypothetical questions posed to the VE that omitted such a restriction were reasonable, and constituted substantial evidence to support the ALJ's conclusion at Step 5 of the sequential analysis. PageID 117-18, 156-62; *Wright v. Massanari*, 321 F.3d 611, 616 (6th Cir. 2003). As such, this assignment of error is unmeritorious and unsupported by the evidence of record.

## IV.

For the foregoing reasons, Plaintiff's assignments of error are not well taken.[5] The Court finds the ALJ's decision supported by substantial evidence.

### IT IS THEREFORE RECOMMENDED THAT:

1.      The ALJ's final non-disability finding be **AFFIRMED**; and

2.      This case be **CLOSED** on the docket of this Court.


January 9, 2014                                                    **s/ Michael J. Newman**
                                                                  United States Magistrate Judge

---

[5] The Court acknowledges the severity of Plaintiff's impairments and sympathizes with the difficulties they undoubtedly present. However, the Court takes notice of a number of cases dealing with the same condition which came to a similar conclusion as that found here. *See, e.g.*, *Cochran v. Comm'r of Soc. Sec.*, No. 1:98-cv-6252, 1999 WL 993938, at *4 (6th Cir. Oct. 20, 1999) (*per curiam*) (finding the plaintiff with a clubbed foot not disabled and capable of performing sedentary work); *Winans v. Comm'r of Soc. Sec.*, No. 1:12-CV-539, 2013 WL 5981383, at *2 (S.D. Ohio Nov. 12, 2013) (finding a plaintiff with two clubbed feet capable of performing sedentary work); *Gray v. Comm'r of Soc. Sec.*, No. 2:09-CV-362, 2010 WL 3702622, at *4 (S.D. Ohio Sept. 16, 2010) (same -- limited range of light work).

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report and Recommendation is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F), and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.  As is made clear above, this period is likewise extended to **SEVENTEEN** days if service of the objections is made pursuant to Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).